UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ABDULFATTAH IBRAHIM ABUBAKAR SALIH, A-249-103-954,

Petitioner,

v.

CHRISTOPHER CHESTNUT, et al.,

Respondent.

No. 1:26-cv-07574-DAD-CKD P

FINDINGS & RECOMMENDATIONS

Petitioner is detained by Immigrations and Customs Enforcement ("ICE") and seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter is referred to the undersigned by operation of Local Rule 302(c)(17) pursuant to 28 U.S.C. § 636(b)(1). The petition and respondent's response are before the court. (ECF Nos. 1, 6.) No further briefing is necessary. For the reasons set forth below, the petition should be granted and respondents ordered to release petitioner from custody.

**I. Background**

Under the petition's allegations, petitioner is a native and citizen of Eritrea who entered the United States on June 16, 2023. (ECF No. 1 at 2.) Thereafter, the Department of Homeland Security ("DHS") released petitioner on an Order of Release on Recognizance and enrolled him in the Alternatives to Detention program. (Id.; see also ECF No. 5-1 at 3-4) Petitioner alleges he committed no known violation of the conditions of his release. (ECF No. 1 at 3.)

Under the petition's allegations, ICE agents arrested petitioner on October 31, 2025, at a check-in without advance notice, without showing petitioner a warrant, without identifying any change in circumstance demonstrating that he had become a danger to the community or flight risk, and without a pre-deprivation hearing. (ECF No. 1 at 2-3.) Petitioner has been detained continuously since then and his removal proceedings remain ongoing. (Id. at 3-4.) On May 20, 2026, by an amended order, an IJ found petitioner inadmissible under INA 212(a)(6)(A)(i). (ECF No. 5-2 at 4.) The IJ denied petitioner's asylum claim, denied withholding of removal, and denied deferral of removal under the Convention Against Torture. (ECF No. 5-2 at 4.) Petitioner appealed that decision to the Board of Immigration Appeals and his appeal remains pending. (ECF No. 1 at 4.)

Petitioner claims his continued detention without constitutionally adequate individualized review violates the Fifth Amendment. (ECF No. 1 at 21, 24.) Petitioner seeks release from custody, or, alternately, an individualized bond hearing at which respondents bear the burden of establishing by clear and convincing evidence that his continued detention is necessary because he presents a danger to the community or a flight risk. (Id. at 25.)

In their opposition to the petition, respondents "maintain the position that 8 U.S.C. § 1225(b)(2)(A) governs" but acknowledge the Ninth Circuit has held otherwise. (ECF No. 5 at 1) Respondents state petitioner is entitled to seek a custody redetermination hearing before an immigration judge and further state they were "not able to produce additional relevant records responsive to this filing in time for the filing deadline." (Id.)

## II. Legal Standard

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). A writ of habeas corpus may be granted to a petitioner in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678 (2001).

////

**III. Discussion**

Petitioner was living in the United States when he was re-detained on October 31, 2025, and thus the applicable detention authority is 8 U.S.C. § 1226. Rodriguez Vazquez v. Bostock, 183 F.4th 1160, 1165 (9th Cir. 2026) (holding that noncitizens present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)). Under § 1226(a), the government has discretion whether to release or detain an individual, subject to "extensive procedural protections… including several layers of review of the agency's initial custody determination, an initial bond hearing before a neutral decisionmaker, the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change." Rodriguez Diaz v. Garland, 53 F.4th 1189, 1202 (9th Cir. 2022).

In addition, petitioner has a liberty interest in freedom from detention protected by the Due Process Clause because he was previously encountered by immigration officials in 2023 and released on an order of recognizance based on a finding that he presents no danger to the community or flight risk. (ECF No. 5-1 at 3-4.) Petitioner has been living in the United States since then and acquired a liberty interest in his continued release. See, e.g., Pinchi v. Noem, 792 F. Supp. 3d 1025, 1034 (N.D. Cal. 2025) (holding a petitioner's prior release into the United States after a determination he presents no danger to the community or flight risk gives rise to a "heightened" liberty interest in remaining out of detention). For two years, petitioner developed ties to the community and built a life here. "Even if [petitioner] is subject to removal or his freedom could be revoked by statute, [his liberty] interest is still protected by the Due Process Clause." Gurtaj S. v. Bondi, No. 1:26-CV-01031-TLN-CSK, 2026 WL 2225023, at *1 (E.D. Cal. Aug. 3, 2026); see also, e.g., Omer G. G. v. Kaiser, 815 F. Supp. 3d 1098, 1109-10 (E.D. Cal. 2025) (finding the petitioner had a protected liberty interest arising from his release on parole by immigration officials and time spent living freely and establishing ties in the community for more than a year); Ramirez Bernal v. Mullin, No. 1:26-CV-04104-DAD-CSK (HC), 2026 WL 1785265, at *1 (E.D. Cal. June 22, 2026) (holding noncitizen released on an order of own recognizance developed a protected liberty interest in remaining out of custody while living freely

in the community for approximately four years).

The present record does not make clear whether petitioner has been afforded a bond hearing at any point since he was re-detained. Respondents make no such representation. Respondents do not dispute petitioner's allegations that he was previously released on an order of recognizance and then detained at a scheduled ICE check-in without a warrant and without a pre-deprivation hearing. Respondents do not dispute petitioner's allegation that he committed no known violations of the conditions of his release and that there were no materially changed circumstances relevant to his risk of danger or flight prior to his re-detention on October 31, 2025. Under these circumstances, respondents' assertion that petitioner can seek a custody redetermination hearing provides insufficient reason to deny the petition.

Having found petitioner has a clear interest in his continued freedom protected by the Due Process Clause, the court considers the three factors set forth in Mathews v. Eldridge, 424 U.S. 319, 335 (1976). First, petitioner's private interest in remaining free from detention is significant and strengthened by the fact that he lived freely in his community for a significant period prior to being re-detained. See Doe v Becerra, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025). The risk of an erroneous deprivation of petitioner's liberty is high because the court has no evidence that petitioner received an individualized bond determination at any point. The risk of an erroneous deprivation of petitioner's liberty interest is especially high because respondents do not argue petitioner presents a danger to the community or a flight risk.

The record before the court indicates petitioner complied with the terms of his release. Respondents do not raise any facts to the contrary. The record reveals no circumstances justifying petitioner's re-detention on October 31, 2025, or continuing detention for approximately eleven months. The government's interest in detaining petitioner without adequate procedural protections is "low." See Ortega v. Bonnar, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019).

On balance, the Mathews factors show due process required that petitioner receive an individualized hearing prior to his detention. Respondents do not assert any pre-deprivation hearing was held and provide no evidence of any other individualized process petitioner has received regarding his detention. Respondents do not contend petitioner has violated the

conditions of his release or that he is a danger or a flight risk. Respondents fail to explain why petitioner has been detained for the last eleven months except to maintain that 8 U.S.C. § 1225(b) governs in spite of the Ninth Circuit's holding in Rodriguez Vazquez v. Bostock that § 1226 provides the applicable detention authority. 183 F.4th at 1165. The appropriate remedy is to order petitioner's immediate release. See, e.g., Lepe v. Andrews, 801 F. Supp. 3d 1104, 1119 (E.D. Cal. 2025) ("Given that the government does not assert any other basis for petitioner's detention and does not argue that petitioner presents a flight risk or danger, the appropriate remedy is petitioner's immediate release.").

**IV. Recommendation**

For the reasons set forth above, IT IS RECOMMENDED as follows:

1. The petition for writ of habeas under 28 U.S.C. § 2241 be granted.
2. Respondents be ordered to RELEASE petitioner IMMEDIATELY and respondents be ENJOINED AND RESTRAINED from re-detaining petitioner unless they provide seven (7) days' notice to petitioner and a pre-deprivation bond hearing before a neutral arbiter pursuant to 8 U.S.C. § 1226(a) and its implementing regulations, at which petitioner's eligibility for bond must be considered.
3. The Clerk of the Court be directed to enter judgment for petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven (7)** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within **seven (7)** days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 1, 2026

Carolyn K. Delaney

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 sali7574.mer