UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ABDULFATTAH IBRAHIM ABUBAKAR SALIH,

Petitioner,

v.

CHRISTOPHER CHESTNUT, et al.,

Respondents.

No. 1:26-cv-07574-DAD-CKD (HC)

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS

(Doc. No. 6)

Petitioner is a federal immigration detainee proceeding through counsel with a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On October 1, 2026, the assigned magistrate judge issued findings and recommendations recommending that petitioner's petition for writ of habeas corpus (Doc. No. 1) be granted. (Doc. No. 6.) Specifically, the magistrate judge concluded that petitioner's re-detention without notice and a pre-detention hearing violated due process. (*Id.* at 3–5.) The pending findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within seven (7) days after service. (*Id.* at 5.) On October 8, 2026, respondents filed objections to the findings and recommendations. (Doc. No. 7.) Therein, respondents argue that they object to the findings and recommendations to the extent it enjoins the government from

re-detaining petitioner if he becomes the subject of a final order of removal. (*Id.* at 1.) In the findings and recommendations, the magistrate judge recommended enjoining respondents from re-detaining petitioner absent notice and a pre-detention hearing before a neutral adjudicator. (Doc. No. 1 at 5.) The magistrate judge also noted that petitioner is presently in removal proceedings. (*Id.* at 2.)

As the undersigned has previously explained, modifying an injunction to account for a future removal order that may or may not be obtained is inappropriate. *Singh v. Chestnut*, No. 1:26-cv-01867-DAD-CSK, 2026 WL 1697065, at *1 (E.D. Cal. June 11, 2026) ("Here, it is unknown whether petitioner will be ordered removed or the timeline on which that hypothetical order would become final. Accordingly, the court finds that it is premature to clarify the scope of the injunction at this stage."). At this time, petitioner is not subject to a final order of removal and there is no indication that respondents will obtain one for him. Accordingly, the court concludes that it is premature to modify the recommended prohibition on petitioner's re-detention to the extent it would impact a hypothetical future re-detention based upon a final order of removal that has not yet been realized. Here, it is unknown whether petitioner will be ordered removed or the timeline on which that hypothetical order would become final. *Id.* (declining to modify an injunction to account for re-detention pursuant to a hypothetical removal order where removal proceedings remained pending). Accordingly, the court rejects respondents' objections.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the findings and recommendations are supported by the record and by proper analysis.

For the reasons above,

1. The findings and recommendations filed on September 28, 2026 (Doc. No. 6) are ADOPTED;
2. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

/////

/////

a. Respondents are ORDERED to immediately release petitioner Abdulfattah Ibrahim Abubakar Salih, A-File No. 249-103-954, from respondents' custody on the same conditions, if any, he was subject to prior to his re-detention on or about October 31, 2025;

b. Respondents are ENJOINED and RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without written notice and a hearing before an immigration judge where respondents will have the burden of establishing that petitioner is either a danger or flight risk by clear and convincing evidence;

c. Petitioner's request for attorneys' fees is DENIED without prejudice to renewal on a properly noticed and supported motion;

3. The Clerk of the Court is directed to serve a copy of this order on the California City Processing Center; and

4. The Clerk of the Court is also directed to enter judgment in favor of petitioner and close this case.

IT IS SO ORDERED.

Dated: **October 19, 2026**

Dale A. Drozd
DALE A. DROZD
UNITED STATES DISTRICT JUDGE